1
2
3
4                    UNITED STATES DISTRICT COURT
5                  NORTHERN DISTRICT OF CALIFORNIA
6

7    STEVEN WAYNE BONILLA,                Case Nos.  20-cv-07639-PJH
8              Plaintiff,                            20-cv-07640-PJH
                                                     20-cv-07642-PJH
9         v.
10   SUPERIOR COURT OF ALAMEDA, et.       **ORDER DISMISSING MULTIPLE**
     al.,                                 **CASES WITH PREJUDICE**
11            Defendants.
12

13        Plaintiff, a state prisoner, has filed multiple pro se civil rights complaints under 42

14   U.S.C. § 1983.  Plaintiff is a condemned prisoner who also has a pending federal habeas

15   petition in this court with appointed counsel.  *See Bonilla v. Ayers*, Case No. 08-0471

16   YGR.  Plaintiff is also represented by counsel in state court habeas proceedings.  *See In*

17   *re Bonilla*, Case No. 20-2986 PJH, Docket No. 1 at 7.

18        In these civil rights cases plaintiff names as defendants' various state courts,

19   federal judges and court officials.  Plaintiff presents very similar claims in all these cases.

20   He seeks relief regarding his underlying conviction or how his various pro se habeas

21   petitions and other cases were handled by the state and federal courts.

22        To the extent that plaintiff seeks to proceed *in forma pauperis* (IFP) in these cases,

23   he has been disqualified from proceeding IFP under 28 U.S.C. § 1915(g) unless he is

24   "under imminent danger of serious physical injury" at the time he filed his complaint.  28

25   U.S.C. 1915(g); *In re Steven Bonilla*, Case No. 11-3180 CW; *Bonilla v. Dawson*, Case

26   No. 13-0951 CW.

27
28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    The allegations in these complaints do not show that plaintiff was in imminent

2    danger at the time of filing.  Therefore, he may not proceed IFP.  Moreover, even if an

3    IFP application were granted, his lawsuits would be barred under *Heck v. Humphrey*, 512

4    U.S. 477, 486-87 (1994), *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), *Demos v. U.S.*

5    *District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) or *Mullis v. U.S. Bankruptcy Court*,

6    828 F.2d 1385, 1393 (9th Cir. 1987).  Accordingly, the cases are dismissed with

7    prejudice.

8    Furthermore, these are not cases in which the undersigned judge's impartiality

9    might be reasonably questioned due to the repetitive and frivolous nature of the filings.

10   *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (absent legitimate

11   reasons to recuse himself or herself, a judge has a duty to sit in judgment in all cases

12   assigned to that judge).

13   The clerk shall terminate all pending motions and close these cases.  The clerk

14   shall return, without filing, any further documents plaintiff submits in these closed cases.

15   **IT IS SO ORDERED.**

16   Dated: November 9, 2020

17

18                                                    */s/ Phyllis J. Hamilton*

19                                                    PHYLLIS J. HAMILTON
                                                     United States District Judge
20

21

22

23

24

25

26

27

28